## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KARNELL PRESTON #304003** | **CIVIL ACTION** |
| **versus** | **NO. 06-3763** |
| **O. KENT ANDREWS, WARDEN,**<br>**ALLEN CORRECTIONAL CENTER** | **SECTION: "A" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Karnell Preston, is a state prisoner incarcerated at the Allen Correctional Center, Kinder, Louisiana.  On April 1, 2003, he pled guilty to possession with intent to distribute cocaine in violation of La.Rev.Stat.Ann § 40:967.  On that same date, he also pled guilty to being a second offender and was sentenced as such to a term of fifteen years imprisonment, without benefit of probation, parole, or suspension of sentence, with credit for time served.[2]

On or about April 29, 2003, petitioner filed with the state district court a "Motion to Withdraw Guilty Plea."[3]  Apparently, the court never ruled on that motion.

On April 5, 2005, petitioner filed with the state district court an application for post-conviction relief.[4]  That application was denied on April 7, 2005.[5]  He next filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on May 11, 2005.[6]  He then filed with the Louisiana Supreme Court an application for a writ of certiorari[7] which was denied on March 24, 2006.[8]

---

[2] State Rec., Vol. I of II, transcript of April 1, 2003.

[3] State Rec., Vol. I of II.  That motion bears no filing stamp; however, it was mailed to the court in an envelope postmarked April 29, 2003.

[4] State Rec., Vol. I of II.

[5] State Rec., Vol. I of II, Order dated April 7, 2005.

[6] Preston v. State, No. 05-KH-474 (La. App. 5th Cir. May 11, 2005) (unpublished); State Rec., Vol. I of II.

[7] State Rec., Vol. II of II.

[8] State ex rel. Preston v. State, 925 So.2d 1218 (La. 2006) (No. 2005-KH-1780); State Rec., Vol. II of II.

On April 10, 2006, petitioner filed the instant application for federal *habeas corpus* relief.[9]  In support of his application, he asserts the following claims:

    1.    The trial judge failed to advise petitioner of the nature of the charge against him, and

    2.    Petitioner received ineffective assistance of counsel.

The state argues that petitioner's federal application is untimely.[10]  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."  Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[11]

As noted, on April 1, 2003, petitioner pled guilty to the underlying charge and to the multiple bill of information and was sentenced.  Because he did not file a direct appeal within the five days allowed by state law, his conviction and sentence became final no later than April 8, 2003.[12]  Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file

---

[9] Rec. Doc. 1.

[10]  Rec. Doc. 5.

[11]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

[12]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's conviction in 2003, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain

his application for federal *habeas corpus* relief commenced on that date and expired one year later, i.e., on April 8, 2004, unless that deadline was extended through tolling.

The AEDPA provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

As previously noted, on or about April 29, 2003, a mere three weeks after his conviction became final, petitioner filed with the state district court a "Motion to Withdraw Guilty Plea" in which he argued that he had received ineffective assistance of counsel. In its response in this proceeding, the state acknowledges that the court apparently never ruled on that motion. Nevertheless, the state contends that petitioner should receive no statutory tolling credit for that application because the motion was improper under state law.[13] Although the call is arguably a close one, the undersigned rejects the state's contention.

It is true, as the state notes, that Louisiana law provides: "A court may permit a plea of guilty to be withdrawn at any time *before sentence*." La.C.Cr.P. art. 559(A) (emphasis added). However, Louisiana jurisprudence makes clear that, notwithstanding article 559, a state district court retains the authority to allow withdrawal of a guilty plea even after sentencing if the plea is constitutionally infirm. State v. Galliano, 396 So.2d 1288, 1289 (La. 1981); State v. Stewart, 862

---

circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2003, April 5 was a Saturday and April 6 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction became final.

[13] Rec. Doc. 5, p. 7.

So.2d 1271, 1275 (La. App. 5th Cir. 2003).  Such relief may be sought from the state district court

by filing a motion to withdraw the plea.  <u>Galliano</u>, 396 So.2d at 1289-90.  Ineffective assistance of

counsel can serve as the basis for such a motion, in that such ineffectiveness can affect the

voluntariness of a plea.  <u>See</u> <u>State v. Calhoun</u>, 694 So.2d 909, 914-15 (La. 1997).

Based on the foregoing, this Court is unwilling to find that petitioner's motion to

withdraw his plea was improperly filed.  Moreover, because the motion clearly qualifies as an

application for post-conviction relief or other collateral review,[14] the Court finds that petitioner is

entitled to statutory tolling based on that motion.  Further, because the state district court apparently

never ruled on the motion, it technically remains pending.

Accordingly, this Court finds that the one-year statute of limitations has been tolled

since the motion to withdraw the plea was filed on April 29, 2003, only three weeks after petitioner's

conviction and sentence became final.  As a result, the Court finds that this federal application is

timely filed.

<u>Exhaustion</u>

The state next argues that petitioner's application is also subject to dismissal on the

ground that he failed to exhaust his state court remedies with respect to one of his claims.  The state

contends that petitioner is claiming that his counsel was ineffective in failing to ensure that

petitioner was aware of the nature of the charge against him, a claim he never asserted to the

Louisiana Supreme Court.

---

[14]  A motion to withdraw a plea is treated by the state courts as a "request for habeas corpus postconviction relief."  <u>Galliano</u>, 396 So.2d at 1290.

The United States Supreme Court has held:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in *each* appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting the court to the federal nature of the claim.

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted) (emphasis added).

Further, the United States Fifth Circuit Court of Appeals has noted:

> A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement. The habeas applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement. *This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application.*

Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (emphasis added). The mere fact that a petitioner asserted in his state post-conviction proceedings *a* claim that his counsel was ineffective does not constitute exhaustion of an ineffective assistance claim brought on a basis not mentioned in the state proceedings. See Ogan v. Cockrell, 297 F.3d 349, 358 (5th Cir. 2002); Burns v. Estelle, 695 F.2d 847, 849-50 (5th Cir. 1983).

For two reasons, the undersigned declines to recommend that the instant application be dismissed on exhaustion grounds.

First, it is not entirely clear that petitioner is in fact asserting the claim that the state suggests. The clear gist of the instant ineffective assistance claim is that counsel failed to advise

petitioner of his right to appeal and to perfect an appeal on his behalf.  In a single sentence, petitioner does mention that counsel was "aware" that there had been no proper advisement of the nature of the charge; however, arguably that mention is meant only as an example of a claim that petitioner believes should have been asserted on appeal.  It does not appear to be a *distinct* claim that counsel was ineffective in failing to ensure that petitioner was aware of the nature of the charge.

Second, in any event, even if petitioner does mean to assert that as a distinct claim, that claim is meritless for the reasons set forth later in this opinion.  In light of that fact, this Court clearly has the authority to deny the claim on the merits, regardless of whether petitioner exhausted state remedies and whether exhaustion is waived by the state.  Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); 28 U.S.C. § 2254(b)(2).  In the interest of judicial economy, the undersigned finds that would be the better course.

<u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.  Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States."  28

U.S.C. § 2254(d)(1).   The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses
> have independent meaning.  A federal habeas court may issue the
> writ under the "contrary to" clause if the state court applies a rule
> different from the governing law set forth in our cases, or if it decides
> a case differently than we have done on a set of materially
> indistinguishable facts.   The court may grant relief under the
> "unreasonable application" clause if the state court correctly
> identifies the governing legal principle from our decisions but
> unreasonably applies it to the facts of the particular case.  The focus
> of the latter inquiry is on whether the state court's application of
> clearly established federal law is objectively unreasonable, and we
> stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an
> unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court

will give deference to the state court's decision unless it "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."  28

U.S.C. § 2254(d)(2); see also Hill, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

### Advisement of the Nature of the Charge

Petitioner's first claim is that he was not advised of the nature of the charge against

him by the trial judge.  On post-conviction review, the state district court rejected that claim,

holding:

> In his first assignment of error, the defendant maintains his
> due process rights were violated because the trial judge and defense
> counsel allegedly failed to explain or read to him the nature of the
> charges against him pursuant to LA C.Cr.P. Art. 556.1.  A review of
> the Boykin transcript reveals that the trial court informed the
> defendant of the charge against him.  (See April 1, 2003 transcript,

pg. 2). Further, the defendant stated he understood the charges against him and waived a formal reading of the charge. (See April 1, 2003 transcript, pg. 3). Moreover, the trial judge informed the defendant of the nature of the charges against him as a multiple offender. (See April 1, 2003 transcript, pg. 8). Thus, the defendant's claim is without merit.[15]

The Louisiana Fifth Circuit Court of Appeal found "no error" in that ruling,[16] and the Louisiana Supreme Court denied the related writ application without comment.[17]

To the extent that petitioner is claiming that the state district court judge failed to strictly comply with the requirements of La.C.Cr.P. art. 556.1, his claim is not cognizable in this court. Federal *habeas corpus* relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983).

Moreover, to the extent that petitioner is asserting a federal constitutional claim, that claim has no merit for the following reasons.

In Henderson v. Morgan, 426 U.S. 637 (1976), the United States Supreme Court held that a guilty plea is not voluntary in a constitutional sense "unless the defendant received real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Id. at 645 (internal quotation marks omitted). The Supreme Court rejected the

---

[15] State Rec., Vol. I of II, Order dated April 7, 2005, p. 1.

[16] Preston v. State, No. 05-KH-474 (La. App. 5th Cir. May 11, 2005) (unpublished); State Rec., Vol. I of II.

[17] State *ex rel.* Preston v. State, 925 So.2d 1218 (La. 2006) (No. 2005-KH-1780); State Rec., Vol. II of II.

argument that this requirement would "invite countless collateral attacks on judgments entered on pleas of guilty, since frequently the record will not contain a complete enumeration of the elements of the offense to which an accused person pleads guilty."  Id. at 647.  The Supreme Court noted:

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused.  *Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.*

Id. (emphasis added).  The Supreme Court further noted: "There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume that it does not."  Id. at 647 n.18.

The United States Fifth Circuit Court of Appeals has held:

> The Henderson Court did not purport ... to lay down an absolute requirement that the technical elements of an offense be recited to a defendant.  A plea will be upheld if it is shown by the record, or the evidence adduced at an evidentiary hearing, that a defendant understood the charge and its consequences when he pled guilty.

Deville v. Whitley, 21 F.3d 654, 657 (5th Cir. 1994).  Additionally, the Fifth Circuit has held that a guilty plea form is *prima facie* evidence that a petitioner was informed of the elements of the crime charged.  Bonvillain v. Blackburn, 780 F.2d 1248, 1250 (5th Cir. 1986).

In the instant case, petitioner executed a guilty plea form,[18] and the plea colloquy

included the following exchange:

> THE COURT:
>     Mr. Preston, you attorney has indicated to me your intention
> to withdraw your earlier plea of not guilty and enter a plea of guilty
> at this time to the crime of distribution of cocaine in violation of
> La.R.S. 40:967.C, is that correct?
>
> THE DEFENDANT:
>     Yes, sir.
>
> THE COURT:
>     Do you understand the charge?
>
> THE DEFENDANT:
>     Yes, sir.

---

[18]   State Rec., Vol. I of II.  Petitioner further stated that he had read the form and had it explained
by his attorney:

> THE COURT:
>     Has this Waiver of Rights form from which I've been referring been fully
> explained to you by your attorney?
>
> THE DEFENDANT:
>     Yes, sir.
>
> THE COURT:
>     In addition, have you read it and do you fully understand it?
>
> THE DEFENDANT:
>     Yes, I understand it.
>
> THE COURT:
>     And is this your signature on the form?
>
> THE DEFENDANT:
>     Yes.

State Rec., Vol. I of II, transcript of April 1, 2003, at p. 7.

THE COURT:
        Do you waive a formal reading of the charge?

THE DEFENDANT:
        Yes, sir.[19]

Petitioner bears the burden of proving that he was not adequately informed of the nature of the charge to which he pled guilty.  Bonvillain, 780 F.2d at 1251.  In the instant case, he has offered nothing in support of his claim, other than his own self-serving allegations, that he was not adequately informed of the nature of the charge against him.  He was represented by counsel at all stages of the proceedings, and, as previously noted, it is normally presumed that counsel adequately explain the nature of the charges to their clients.  Henderson, 426 U.S. at 647; see also Marshall v. Lonberger, 459 U.S. 422, 436-37 (1983).  Moreover, it is clear from the guilty plea form and transcript that petitioner was aware that he was charged with possession with intent to distribute cocaine.  That charge is not conceptually difficult to understand and its elements are largely self-evident.  For all of the foregoing reasons, this Court flatly rejects any suggestion that petitioner, a habitual offender represented by counsel, was not informed of and did not understand the nature of the simple charge to which he pled guilty.

Ineffective Assistance of Counsel

Petitioner claims that he received ineffective assistance of counsel.  In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  A petitioner seeking relief must demonstrate

---

[19]  State Rec., Vol. I of II, transcript of April 1, 2003, at pp. 2-3.

that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. See id. at 697.  If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.  Id.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.  See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is deficient if it falls below an objective standard of reasonableness."  Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.  See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

As to the prejudice requirement in the context of a guilty plea, the United States Fifth Circuit Court of Appeals has held:

> With regard to the prejudice prong, a defendant must "affirmatively prove" prejudice.  A mere allegation is not sufficient to satisfy the prejudice prong of the Strickland test.  A petitioner must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial.

Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994).

- 13 -

A claim of ineffective assistance of counsel is a mixed question of law and fact. Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002).  Therefore, this Court must defer to the state court on such claims unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

In the last reasoned state court judgment addressing petitioner's claim, the state district court rejected the claim, holding:

> [T]he defendant claims he was denied effective assistance of counsel. The defendant maintains his counsel failed to either give a Notice of Appeal or to perfect an appeal on behalf of the defendant.  Further, he claims defense counsel did not advice [sic] defendant of his right to appeal, thus effectively abandoning and/or time barring the defendant's appellate rights.  The defendant requests that this Court grant him an out-of-time appeal based on defense counsel's alleged failure to file a timely Motion for Appeal and/or advising the defendant of his appellate rights.
>
> The test to be applied in ineffective assistance of counsel claims in a guilty plea is that of Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed. 203 [1985] which requires defendant to prove that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial."  The voluntariness of he plea depends on whether counsel's advice was within the wide range of competence demanded of attorneys in criminal cases.  State ex rel Graffagnino v. King, 436 So.2d 559 [La. 1983].
>
> In the instant case counsel was well within the range of professional competence.  Counsel obtained a plea agreement significantly reducing petitioner's incarceration exposure. Instead of risking a 60 year sentence as a multiple offender, defendant was able to obtain a 15 year sentence as a second felony offender.  Further, the record shows that the defendant pled guilty to the charges against him. Lastly, the Boykin transcript reveals that defendant waived his

right to appeal any verdict of guilty.  (See April 1, 2003, pg. 4).  This specification of error is without merit.[20]

The Louisiana Fifth Circuit Court of Appeal found "no error" in that ruling,[21] and the Louisiana Supreme Court denied the related writ application without comment.[22]

This Court agrees with the conclusion reached by the state courts.  A criminal defendant who pleads guilty normally waives his right to appeal any nonjurisdictional defects with respect to his plea.  State v. Crosby, 338 So.2d 584, 591 (La. 1976) ("[A] defendant will ... waive his right to review of a non-jurisdictional pre-plea trial ruling unless, at the time of the plea, he expressly stipulates that he does not waive his right to review of it, the normal consequence of a guilty plea." ); State v. Gaspard, 820 So.2d 1095, 1096 (La. App. 5th Cir. 2002) ("A guilty plea normally waives all nonjurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.").  Moreover, petitioner was advised both on the guilty plea form and in open court by the judge that he could appeal his sentence within five days.[23]  Therefore, even if his counsel failed to separately advise him of that right, he suffered no prejudice from that omission, in that he was otherwise made aware of that right. Further, to the extent that petitioner is complaining that his counsel failed to file such an appeal, he

---

[20]  State Rec., Vol. I of II, Order dated April 7, 2005, pp. 1-2.

[21]  Preston v. State, No. 05-KH-474 (La. App. 5th Cir. May 11, 2005) (unpublished); State Rec., Vol. I of II.

[22]  State ex rel. Preston v. State, 925 So.2d 1218 (La. 2006) (No. 2005-KH-1780); State Rec., Vol. II of II.

[23]  State Rec., Vol. I of II, guilty plea form, p. 2; State Rec., Vol. I of II, transcript of April 1, 2003, at p. 6.

has not alleged that he instructed his counsel to file an appeal, that there was otherwise any agreement that an appeal would be filed, or that there was any basis for such an appeal.  To the contrary, as noted by the state courts, in exchange for his plea, petitioner received an extremely favorable sentence under the circumstances and in light of his maximum exposure, and any appeal of the sentence would clearly have been unwarranted.

In summary, petitioner has failed to establish that his counsel performed deficiently, that any prejudice resulted, and that he would not have pled guilty but for counsel's performance. Moreover, it is evident that the state court correctly identified the appropriate legal standard in analyzing petitioner's ineffective assistance of counsel claim, and petitioner has failed to demonstrate that the state court's decision on his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Accordingly, applying the AEDPA's deferential standard, this Court therefore rejects that claim.

Lastly, with respect to the unexhausted claim, i.e. that counsel was ineffective in failing to ensure that petitioner was aware of the nature of the charge against him, that claim is plainly meritless.  Petitioner has failed to establish that counsel did not fully advise him of the nature of the charge against him, and, for the reasons previously set forth, the undersigned is of the opinion that he was in fact aware of the nature of the charge.  In any event, petitioner has not even alleged in this proceeding, much less met his burden to show, that he would not have pled guilty if he had been further advised of the nature of the charge.  Moroever, considering the extremely favorable plea bargain petitioner secured in this case, the Court unconvinced that such a showing could be made.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Karnell Preston be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixth day of November, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**